Chief Justice Robertson
delivered the opinion of the court.
Two questions are presented in this case. 1st. Did the county court err in binding the plaintiff to the defendant as an apprentice? 2nd. Is the defendant a proper party to the writ of error?
1st. The record states that the court bound the plaintiff because she was “apoor child,” and no notice seems to have been given to the parent or next friend, or to any other person. A notice was indispensable; see II. Digest 104-0. Unless the plaintiff was resident in the county of Mason, the court of that county had no jurisdiction; and if she resided there she must, according to any reasonable presumption, have resided with some person and have had either parent or next friend in the county, who might have been notified; and therefore notice cannot be dispensed with. Natural justice as well as law required a notice.
2nd. The defendant must be deemed a party to the proceeding in the county court, and would be directly affected by the judgment of this court. No other person than himself can be affected; wherefore it was proper to make him, and him alone, defendant in the writ of error.
The order of the county court is reversed, and the case remanded, in order that the judgment of this court maybe entered on the record of the county court. •